# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

FEDERAL DEPOSIT INSURANCE CORPORATION,

          Plaintiff,

vs.

PARESH PACHIGAR, and
POONAM SHAH, et. al

          Defendants.

_____/

CASE NO. _____

Removing:

Palm Beach County Court, 15th Judicial Circuit, Palm Beach County, Florida, Case No. 50201CA006612XXXXMBAW

**NOTICE OF REMOVAL**

**AND**

**MOTION FOR DECLARATORY RELIEF UNDER 28 USC 2201(a)**

      **PLEASE TAKE NOTICE** that Defendants, Paresh Pachigar and Poonam Shah, hereby remove the state court action entitled Federal Deposit Insurance Corporation, vs. Paresh Pachigar and Poonam Shah, et. al, in the Circuit Court in and for the 15th Judicial Circuit, Palm Beach County, Florida, Case No. 50201CA006612XXXXMBAW, to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

      The grounds for removal is based upon the Defendants Paresh Pachigar and Poonam Shah having presented evidence in the underlying state court action that has not been properly reviewed, and therefore they cannot get the proper ruling from the Court.

      To this end, Defendants, Paresh Pachigar and Poonam Shah move this Court to take jurisdiction of this matter and grant declaratory relief, pursuant to the Declaratory Judgment Act, by finding that:

i.) the Plaintiff, Federal Deposit Insurance Corporation accepted payments in the amount of $81,577.16, on account of the Defendants' mortgage after the entry of the final judgment of foreclosure;

ii.) by accepting the payments from the Defendants in the amount of $81,577.16, the Plaintiff's underlying final judgment of foreclosure is not accurate, has been partially satisfied, and therefore invalid;

iii.) by proceeding to foreclosure sale pursuant to a final judgment of foreclosure, which has been partially satisfied, without providing the appropriate credits and/or modification of the final judgment of foreclosure accordingly, the Defendants have not been provided due process;

iv.) further, if the owner of the underlying Note and Mortgage at the time of the filing of the Mortgage Foreclosure action was the Federal Deposit Insurance Corporation, the appropriate venue for said action would be the United States District Court for the Southern District of Florida, and not the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

In support of this Notice and Motion, Defendants state as follows:

## JURISDICTION FOR REMOVAL

1. Under Chapter 28, Section 1446 of the United States Code, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

2. Pursuant to 28 U.S.C. § 1446(b)(3), on January 21, 2016, it was determined the Plaintiff would proceed with the scheduled foreclosure sale scheduled for January 26, 2016, without providing any credit for the payments made by the Defendants totaling $81,577.16.

3. On March 9, 2010, the alleged Plaintiff filed is Mortgage Foreclosure Complaint in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No.: 50201CA006612XXXXMBAW.

4. The Complaint sought to foreclose the lien on real property located at 15618 70th Trail North, West Palm Beach, FL 33418, ("Real Property") securing the mortgage allegedly held by the Plaintiff.

5. The Court entered Final Summary Judgment of Foreclosure on June 7, 2013. Pursuant to this judgment, the sale of the Real Property was set for October 7, 2013.

6. The Defendant, Paresh Pachigar ("Pachigar"), filed for protection under Chapter 13 of Title 11 of the United States Code on October 6, 2013. On December 6, 2013, Pachigar filed his Chapter 13 Plan of Reorganization.

7. Pursuant to the terms of the Chapter 13 Plan, Pachigar proposed to pay Plaintiff a modified mortgage payment of $2,913.47 per month ("Modified Mortgage Payment"). In fact, Pachigar began making these payments on or about November 6, 2013, and has continued to make these payments on a monthly basis since that time.

8. In fact, to date, Pachigar has tendered twenty-eight (28) payments, for a total of $81,577.16, to the Plaintiff, by and through AMS Servicing, LLC. Further, Pachigar proposed to continue the Modified Mortgage Payment, along with the current interest rate, for the remainder of the term of the loan.

9. Subsequent to the Plaintiff denying any sort of modification, the Defendants continued to tender said Modified Mortgage Payment, and the Plaintiff continued to accept said Modified Mortgage Payment.

10. The Defendants objected to the Plaintiff's request to reset a foreclosure sale for the Real Property.  Despite receipt of the aforementioned payments, including payments after the Plaintiff's denial, the State Court overruled the Defendants' Objection and reset the foreclosure sale of the Real Property.

11. By overruling the Defendants' Objection, and allowing the Plaintiff to continue to foreclosure sale under a final judgment of foreclosure, which is inaccurate, the Defendants have been denied their due process rights provided by the United States Constitution.

12. Under 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the laws of the United States.  28 U.S.C. § 1331.

13. For the above reasons, determination of the actual controversy presented by the admission of the Plaintiff, as well as other evidence presented, the Defendants hereby remove the action to this Court pursuant to 28 U.S.C. §§ 1331 & 1441(c).

14. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly notify the clerk of the Circuit Court in and for Palm Beach County, Florida of the filing of this Notice of Removal. Also pursuant to 28 U.S.C. § 1446(d), Defendants will notify Plaintiff of same.

15. The United States District Court for the Southern District of Florida is the appropriate court for filing a Notice of Removal from the County Court of the 15th Judicial Circuit in and for Palm Beach County, because it is the district embracing the place where the Action is pending. *See* 28 U.S.C. § 1441(a).

16. Venue of this action is proper in the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1391.

## JURISDICTION FOR GRANTING DECLARATORY RELIEF

17. Section 2201(a) of the United States Code reads in relevant part:

    In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C.A. § 2201(a).

18. Under 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.

19. Whichever party may prevail in the State Court action, there still is an inability to resolve the "actual controversy" whether the Plaintiff has standing to pursue the foreclosure action, which will still render the actual controversy outstanding.  Accordingly, the Defendants need the Federal Court to enter a Declaratory Judgment as to whether the Plaintiff has standing to pursue the foreclosure, as well as whether the Plaintiff has violated the due process rights of the Defendants by proceeding to sale pursuant to an inaccurate and partially satisfied final judgment of foreclosure.

20. The sole requirement for a district court to have subject matter jurisdiction over a claim brought pursuant to the Declaratory Judgment Act is an 'actual controversy.' <u>Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.</u>, 482 F.3d 1330, 1338 (Fed. Cir. 1997).

21. The matter before the state court is an "actual controversy" under 28 U.S.C. § 2201, as it is an action to decide the ownership rights to the mortgage allegedly held by Federal Deposit Insurance Corporation, secured by the real property located at 15618 70th Trail North, West Palm Beach, FL 33418, as well as whether Federal Deposit Insurance

5

Corporation has violated the due process rights of the Defendants by proceeding to foreclosure sale pursuant to a partially satisfied final judgment of foreclosure.

22. Because of the foregoing, Paresh Pachigar and Poonam Shah are unsure of the Plaintiff's rights in the subject mortgage secured by the Property, the validity of the final judgment of foreclosure held by the Plaintiff, and cannot properly prepare their defense in the underlying state court action until the actual controversy is determined.

WHEREFORE, Movant respectfully requests that this honorable Court

1) Take jurisdiction of this matter, and
2) Declare that the final judgment of foreclosure entered by the Fifteenth Judicial Circuit in and for Palm Beach County, Florida is either invalid, satisfied, or partially satisfied to such extent the foreclosure sale could not proceed and by proceeding to said foreclosure sale, the due process rights of the Defendants have been violated; and
3) Grant all such further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail this 25th day of January, 2016, to Galina Boytchev, Esq. at ForecosureService@warddamon.com.

>BRETT A. ELAM, P.A.
>Attorney for Defendants
>105 S. Narcissus Avenue
>Suite 802
>West Palm Beach, FL 33401
>(561) 833-1113 (telephone)
>(561) 833-1115 (facsimile)
>
>By: /s/ Brett A. Elam         .
>       BRETT A. ELAM
>       Florida Bar No. 576808